UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0146-01 (B/F) |
| | ) | |
| BRIAN L. NEHRIG, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on July 21, 2010, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on July 10, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3561*et seq.* if all parties consent to the Magistrate Judge conducting those proceedings.  All proceedings were held on August 6, 2010 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.  Mr. Nehrig appeared in person with his appointed counsel, Bruce Brattain.  The government appeared by Gayle Helart, Assistant United States Attorney. U. S. Parole and Probation appeared by Patrick Jarosh,  U. S. Parole and Probation officer, who participated in the proceedings.  The parties consented on the record and in writing to the Magistrate Judge conducting all required proceedings

in this case and making a report and recommendation for the disposition of the case thereafter to the District Judge.

On August 6, 2010, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3561, *et seq.*:

1. Bruce Brattain was present and appointed by the Court to represent Mr. Nehrig in regard to the pending Petition for Revocation of Probation.

2. A copy of the Petition was provided to Mr. Nehrig and his counsel. The Magistrate Judge summarized the specifications of the alleged violations and, further, Mr. Nehrig and his counsel informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Nehrig was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his probation contained in the pending Petition.

4. Mr. Nehrig would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Nehrig had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. If the preliminary hearing resulted in a finding of probable cause that Mr. Nehrig had violated an alleged condition or conditions of his probation set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with his and the government's consent, as well as Judge Barker's designation entered on July 21, 2010.

7. Mr. Brattain stated that Brian L. Nehrig would stipulate there is a basis in fact to hold him on the specifications of violations of probation set forth in the Petition. Mr. Brattain executed a written waiver of the preliminary examination, which was accepted by the Court.

8. Mr. Brattain, by counsel, admitted that he committed the specifications of violations set forth in the Petition, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | Mr. Nehrig failed to report on his March 2010 monthly written report his police questioning and contact with the Fishers, Indiana, Police Department, regarding a verbal dispute with his spouse on March 26, 2010. Police indicated that neither party was arrested. |
| **2** | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | Mr. Nehrig failed to notify this probation officer within seventy-two hours after being questioned and having contact with the Fishers, Indiana, Police Department on March 26, 2010. |
| **3** | **"The defendant shall participate in the home confinement program for a period of 6 months, and shall abide by all requirements of the program. The home confinement program will not include electronic monitoring. During this time the defendant will be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer."** |
| | On January 31, February 3, March 26 and April 2, 2010, Mr. Nehrig failed to abide by his home confinement program by visiting an unapproved location and participating in an unapproved activity, specifically, visiting Hoosier Park Racing and Casino in Anderson, Indiana, and gambling. Accordingly, Mr. Nehrig has admitted to this |

officer that he has visited this location approximately 10 times since the start of his probation.

The Court placed Mr. Nehrig under oath and directly inquired of Mr. Nehrig whether he admitted violations of the specifications of his probation set forth above. Mr. Nehrig admitted the above violations as set forth.

Counsel for the parties further stipulated to the following:

1) Mr. Nehrig has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Nehrig constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of probation, the range of imprisonment applicable to Mr. Nehrig is 3 to 9 months.

The parties agreed on the appropriate disposition of the case as follows:

a. The defendant's probation be modified to require a period of electronic monitoring for 6 months.

b. The U. S. Parole and Probation officer will have the option of termination of the six months of electronic monitoring, before the six months has been completed.

c. Upon completion of the terms of electronic monitoring, the defendant will resume probation under the previously-imposed conditions of probation.

The Court having heard the evidence and/or arguments of Mr. Nehrig, his counsel and the government, now finds that Mr. Nehrig violated the specified conditions of probation as delineated above in the Petition to Revoke his probation.

Mr. Nehrig's probation is therefore **MODIFIED** and he is required to be under electronic monitoring for a period of 6 months, with resumption of the previously-imposed conditions of that requirement. Defendant will be allowed to have gainful employment while on electronic

monitoring.  The U. S. Parole and Probation Office will have the option of terminating the electronic monitoring before the six months has been completed.

The Magistrate Judge requests that Mr. Jarosh, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a probation modification judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Nehrig stipulated in open court waiver of the following:

1.  The government and the defendant consented on the record to this Magistrate Judge handling all proceedings.

2.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

3.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Jarosh entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Brian L. Nehrig's probation.

IT IS SO RECOMMENDED this 11th day of August, 2010.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bruce Brattain,
Brattain & Minnix
151 N. Delaware Street, #760
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal